IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                      **Case No. 06-40053-01-RDR**

SETH D. WASKOM,

           Defendant.

## MEMORANDUM AND ORDER

On January 12, 2007 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the sentencing hearing.

The defendant entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Following receipt of the presentence report, the defendant raised one objection.

The defendant objects to a four-level enhancement of his offense level pursuant to U.S.S.G. § 2K2.1(b)(6). He argues that the record fails to show that he possessed the firearm in question "in connection" with another felony offense. The government and the probation office contend that the enhancement has been properly applied.

The Sentencing Guidelines allow for a four-point increase to a base offense level if a firearm is used or possessed in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). The record before the court shows that defendant possessed the

firearm in this case at the same time that he possessed marijuana, methamphetamine and several items of stolen property. An enhancement is appropriate under § 2K2.1(b)(6) if the weapon facilitated or had the potential to facilitate another felony offense. United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998). However, the enhancement is not appropriate if possession of the weapon "is coincidental or entirely unrelated to the offense." United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir. 1993). Here, the defendant's weapon was available for the protection of the drugs and the stolen property. The firearm was discovered in immediate proximity to the drugs and the stolen property. There is little question that the enhancement should be applied under these circumstances. See, e.g., Bunner, 134 F.3d at 1006.

With the enhancement, the defendant's offense level is 15 and his criminal history category is VI. This produces a guideline range of 41 to 51 months. The court sentenced the defendant to a term of imprisonment of 41 months.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge